United States District Court
for the
Southern District of Florida

| | |
|---|---|
| L Powers, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 21-cv-22542-Scola |
| United States Postal Service, | ) |
| Defendant. | ) |

### Order Denying Motion to Proceed in Forma Pauperis and Dismissing Complaint

This cause comes before the Court upon Plaintiff L Power's motion for leave to proceed in forma pauperis. (ECF Nos. 3, 4.) For the reasons stated below, the Plaintiff's motion is **denied**, and the complaint is **dismissed**.

1. **Background**

Powers, proceeding pro se, filed this action against the United States Postal Service ("USPS"). Powers alleges that she is "suing the [USPS] for negligence and tampering with [her] mail." (ECF No. 4.) Powers seeks damages in the amount of $10,000,000. Powers also moves to proceed in forma pauperis. (ECF No. 3.)

2. **Analysis**

   A. **Forma Pauperis Application**

Permission to proceed in forma pauperis is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). A court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

The motion fails to set forth *any* representations regarding Power's

financial status, thus making it impossible to discern whether Powers is unable to pay court fees. Accordingly, the motion is denied on this ground.

### B. 28 U.S.C. § 1915(e)(2) Screening

Even if an application for leave to proceed in forma pauperis demonstrates sufficient economic eligibility on its face, the Court must proceed to determine the sufficiency of Power's claims. *See* 28 U.S.C. § 1915(e)(2) (recognizing that the court must also determine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"). Notably, a "court may dismiss an action if the complaint is patently frivolous or if amendment would be futile." *Harris v. Buckhorn*, 545 F. App'x 862, 863 (11th Cir. 2013).

Here, the complaint contains a single factual allegation: that the USPS was negligent in some unknown manner and tampered with Power's mail. (ECF No. 4.) This is insufficient to state a claim for relief or to put the USPS on notice of the claims against it. Moreover, this deficiency necessitates dismissal of the complaint. *Figueroa-Negron v. Aron*, No. 17-20205-CIV, 2017 WL 5239510, at *1 (S.D. Fla. Jan. 19, 2017) (Altonaga, J.) (dismissing a case under Section 1915(e) for failure to state a claim). "[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984).

For these reasons, Power's motion to proceed in forma pauperis is **denied** (ECF No. 3) and the complaint is **dismissed**. *Figueroa-Negron*, 2017 WL 5239510 at *2; *Lewis v. Owner of Popeyes Chicken Louisiana Kitchen*, No. 17-61101-CIV, 2017 WL 4278511, at *2 (S.D. Fla. June 1, 2017) (Altonaga, J.) (dismissing pro se complaint without prejudice and denying motion to proceed in forma pauperis). Powers is not precluded from filing another complaint (complying with the foregoing standards), along with another request to proceed in *forma pauperis.* The Clerk of the Court is directed to **close** this case and **deny** all pending motions as moot.

**Done and ordered** at Miami, Florida, on December 30, 2021.

                                                                    _____
                                                                    Robert N. Scola, Jr.
                                                                    United States District Judge